## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ABILITY INTERMEDIATE HOLDINGS, INC.<br><br>Debtor | Chapter 7<br><br>Case No. 14-10104 (     ) |
| In re:<br><br>ATI ACQUISITION COMPANY,<br><br>Debtor | Chapter 7<br><br>Case No. 14-10105 (     ) |
| In re:<br><br>ATI ENTERPRISES, INC.,<br><br>Debtor | Chapter 7<br><br>Case No. 14-10106 (     ) |
| In re:<br><br>ATI ENTERPRISES OF FLORIDA, INC.,<br><br>Debtor | Chapter 7<br><br>Case No. 14-10107 (     ) |
| In re:<br><br>E&K VOCATIONAL NURSING PROGRAM, INC.,<br><br>Debtor | Chapter 7<br><br>Case No. 14-10108 (     ) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**SOFAs**" and together with the Schedules, the "**Bankruptcy Schedules**") of E & K Vocational Nursing Program, Inc. ("**E&K**") and ATI Enterprises, Inc. ("**ATI**", and together with E&K, the "**DNI Companies**"), ATI Enterprises of Florida, Inc. ("**ATI FL**"), ATI Acquisition Company ("**Acquisition**") and Ability Intermediate Holdings, Inc. ("**Ability**", and collectively, the "**Debtors**" or the "**Company**") have been prepared pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors and are unaudited. The information provided herein, except as otherwise noted, is as of the close of business on January 20, 2014. While the Debtors'

management has made every reasonable effort to ensure that the Bankruptcy Schedules are accurate and complete, based upon information that was available to them at the time of preparation, the subsequent receipt of information may result in material changes to financial data and other information contained in the Bankruptcy Schedules and inadvertent errors or omissions may exist. Moreover, because the Bankruptcy Schedules contain information relating to the Company for which the Debtors' management has little information, there can be no assurance that these Bankruptcy Schedules are complete or accurate. These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the **"Global Notes"**) comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of them.

1.       On May 30, 2013, at a publically noticed foreclosure sale pursuant to Section 9-610 of the New York Uniform Commercial Code (the **"Foreclosure Sale"**), Royal Bank of Canada (**"RBC"**), as collateral agent, on behalf of certain lenders to the Company, made the winning offer on the assets that were being sold, including, without limitation, substantially all of the assets and Claims (as defined in the APA) of the Company, including the right to designate the transfer of some or all of the Acquired Assets (as defined in the APA). The winning bid at the Foreclosure Sale was a credit bid by RBC (in its capacity as collateral agent for certain lenders) in the amount of $40,000,000 plus the assumption of certain liabilities.

2.       As a result of the Foreclosure Sale, the Company, RBC (in its capacity as collateral agent for certain lenders), RBC (in its capacity as a bidder) and STVT-AAI Education Inc., a Texas Corporation (the **"Designator"**), entered into that certain Asset Purchase Agreement dated as of May 30, 2013 (the **"APA"**).

3.       As of June 1, 2013, Designator and the Company entered into a transition services agreement (the **"TSA"**) to provide mutual services and assistance in connection with the transactions contemplated in the APA, all as more fully set forth in the TSA. In particular, during the period between the Foreclosure Sale and the consummation of the transactions contemplated in the APA, the Company agreed to provide to the Designator such assistance and services as reasonably necessary or appropriate for the operation of the business associated with the assets to be transferred to Designator. Similarly, during the period after consummation of the transactions contemplated in the APA, Designator agreed to provide the Company such assistance and services as reasonably necessary or appropriate to facilitate the continued operation by the Company of the business associated with those assets not transferred to Designator and/or the wind-down and liquidation of the Company.

4.       Pursuant to the APA, Designator received the right to require the Company to transfer all right, title and interest in, to and under all of the Acquired Assets (as defined in the APA) including, without limitation, the assets of the DNI Companies used in connection with the operation of the vocational nursing school operated under the name Dallas Nursing Institute located at 12170 Abrams Rd., #200, Dallas, TX 75243 (the **"School"**) to one or more persons or entities designated by Designator. Additionally, all books and records of the Company were transferred to Designator pursuant to the TSA.

5.       On October 22, 2013, the DNI Companies, Designator and TCS Education – Texas, Inc., a Texas nonprofit corporation (**"Designee"**) entered into that certain Asset Transfer

Agreement (the "**Transfer Agreement**"), pursuant to which (a) Designator designated Designee to acquire certain assets (the "**Transferred Assets**"), and (b) Designee acquired and accepted from the DNI Companies, all of the DNI Companies' right, title and interest in, to and under the Transferred Assets. Pursuant to the Foreclosure Sale and Part 6 of Article 9 of the UCC, the Transferred Assets were acquired by Designee free and clear of any and all Liens (as defined in the Transfer Agreement) other than Permitted Liens (as defined in the Transfer Agreement). Effective December 6, 2013, Designee took ownership of the Transferred Assets.

6.      The Debtors reserve all rights to amend the Bankruptcy Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Bankruptcy Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

7.      The preparation of the Bankruptcy Schedules requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities at the date of the Bankruptcy Schedules and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

8.      Some of the Debtors' scheduled liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown." Accordingly, the Bankruptcy Schedules do not accurately reflect the aggregate amount of the Debtors' liabilities.

9.      The Debtors reserve the right to change the attribution of liability from a particular Debtor to another to the extent additional information becomes available and amend the Bankruptcy Schedules without notice as applicable.

10.     Given the differences between the information requested in the Bankruptcy Schedules and the financial information utilized under generally accepted accounting principles in the United States ("**GAAP**"), the aggregate asset values and claim amounts set forth in the Bankruptcy Schedules do not reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

11.     The Debtors have excluded certain categories of assets and liabilities from the Bankruptcy Schedules, such as employee benefit accruals, post-retirement benefits, students and/or customers that may have claims against the Debtors, deferred taxes and deferred gains. Other immaterial assets and liabilities also may have been excluded.

12.     It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests. Accordingly, to the extent any asset value is listed herein, unless otherwise indicated, net book values, rather than current market values, of the Debtors' interests in property are reflected on the applicable Bankruptcy Schedules. As applicable, assets that have been fully depreciated or were expensed

for accounting purposes have no net book value.  Unless otherwise indicated, all asset amounts and claim amounts are listed as of January 20, 2014.

13.    Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  The descriptions provided on Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Bankruptcy Schedules shall be deemed a modification or interpretation of the terms of such agreements.

14.    The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights.  To the best of the Debtors' knowledge, any such counterparties should be listed on Schedule F.

15.    In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other matters, materials ordered and paid for may not be delivered, materials delivered are damaged or unusable, and vendors provide volume rebates and cash discounts.  Certain of these credits are subject to change.  Vendor claims are listed at the amounts entered on the Debtors' books and records, which may reflect credits or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits and allowances.

16.    For purposes of the Schedules, the Debtors have only scheduled claims and executory contracts for which the Debtors may be contractually and/or directly liable.  No claims have been scheduled for a Debtor that may have benefited directly or indirectly from a contractual relationship to which the Debtor was not a party.

17.    While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business,

such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, each Debtor reserves the right to assert that such agreements constitute executory contracts.

18.     Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.

19.     The Debtors reserve all of their rights with respect to causes of action they may have, and neither these Global Notes nor the Bankruptcy Schedules shall be deemed a waiver of any such causes of action. Furthermore, nothing contained in the Bankruptcy Schedules shall constitute a waiver of rights with respect to these Chapter 7 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

20.     In the circumstances where the Bankruptcy Schedules require information regarding insiders and/or officers and directors, included herein are each Debtor's (a) directors (or persons in similar positions) and (b) employees. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

21.     For purposes of SOFA question 3, outstanding amounts owed to such recipients of payments are listed in the Schedules.

22.     For purposes of SOFA question 9, all payments made on behalf of each of the Debtors for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of these cases have not been expressly allocated to each Debtor.

23.    The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.   While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.   The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized.   In no event shall the Debtors or their agents, attorneys and financial advisors be liable or to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## District of Delaware

In re   **ATI Enterprises, Inc.**                                    Case No.   **14-10106**
                                        Debtor(s)          Chapter     **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$64,623,000.00** | **FY 2012** |
| **$10,967,478.00** | **FY 2013** |
| **$0.00** | **YTD FY 2014** |

---

**2. Income other than from employment or operation of business**

None ☒

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

B7 (Official Form 7) (04/13)

---

### 3. Payments to creditors

None   **Complete a. or b., as appropriate, and c.**

    a.   *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐   b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Alpha Graphics**<br>2540 East Pioneer Parkway<br>Suite 180<br>Arlington, TX 76010 | 11/08/2013 | $519.91 | $0.00 |
| **Fame**<br>P.O. Box 11937<br>Fort Lauderdale, FL 33339-1937 | 11/08/2013 | $450.00 | $0.00 |
| **Security International**<br>P.O. Box 2550<br>Edinburg, TX 78540 | 11/08/2013 | $195.47 | $0.00 |
| **Coastal Bend Copier Inc.**<br>3636 South Alameda, #161<br>Corpus Christi, TX 78411 | 11/08/2013 | $173.20 | $0.00 |
| **Texas Comptroller of Public Accounts**<br>111 East 17th Street<br>Austin, TX 78774-0100 | 11/12/2013 | $137.11 | $0.00 |
| **Fame**<br>P.O. Box 11937<br>Fort Lauderdale, FL 33339-1937 | 12/11/2013 | $450.00 | $0.00 |
| **Strategy Consultants**<br>Attn: George H. Sehi<br>8337 Verbena Lane<br>Middletown, OH 45044 | 12/11/2013 | $435.00 | $0.00 |
| **Powers Pyles Sutter & Verville, P.C.**<br>1501 M Street, NW<br>7th Floor<br>Washington, DC 20005 | 11/14/2013 | $25,311.60 | $0.00 |
| **Lynn Tillotson Pinker & Cox, LLP**<br>2100 Ross Avenue<br>Suite 2700<br>Dallas, TX 75201 | 12/03/2013 | $22,461.29 | $0.00 |

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **DLA Piper LLP (US)**<br>P.O. Box 75190<br>Baltimore, MD 21275 | **12/19/2013** | **$50,000.00** | **$0.00** |
| **Data Recovery Group**<br>21800 Melrose Avenue<br>Suite #1<br>Southfield, MI 48075 | **01/03/2014** | **$1,230.00** | **$0.00** |
| **Aon Risk Services Southwest Inc.**<br>2711 North Haskell Avenue<br>Suite 800<br>Dallas, TX 75204-2999 | **01/09/2014** | **$20,000.00** | **$0.00** |
| **Raul Esquirel**<br>514 Katie Court<br>Seagoville, TX 75159 | **01/09/2014** | **$2,000.00** | **$0.00** |
| **Texas Comptroller of Public Accounts**<br>111 East 17th Street<br>Austin, TX 78774-0100 | **11/14/2013** | **$2,412.17** | **$0.00** |
| **Texas Comptroller of Public Accounts**<br>111 East 17th Street<br>Austin, TX 78774-0100 | **12/27/2013** | **$607.57** | **$0.00** |
| **Texas Comptroller of Public Accounts**<br>111 East 17th Street<br>Austin, TX 78774-0100 | **01/13/2014** | **$52.00** | **$0.00** |
| **Lynn Tillotson Pinker & Cox LLP**<br>2100 Ross Avenue<br>Suite 2700<br>Dallas, TX 75201 | **01/14/2014** | **$46,612.23** | **$0.00** |

None ☐   c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **CDG Group, LLC**<br>645 Fifth Avenue<br>New York, NY 10022 | **04/09/2013; Date of Services: 03/16/2013 to 04/19/2013** | **$156,203.11** | **$1,126,171.99** |
| **CDG Group, LLC**<br>645 Fifth Avenue<br>New York, NY 10022 | **07/29/2013; Date of Services: 07/29/2013 to Present** | **$125,000.00** | **$1,126,171.99** |
| **CDG Group, LLC**<br>645 Fifth Avenue<br>New York, NY 10022 | **08/09/2013; Date of Services: 07/29/2013 to Present** | **$125,000.00** | **$1,126,171.99** |
| **CDG Group, LLC**<br>645 Fifth Avenue<br>New York, NY 10022 | **10/22/2013; Date of Services: 07/29/2013 to Present** | **$50,000.00** | **$1,126,171.99** |

B7 (Official Form 7) (04/13)

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Montgomery Plaza Partners v. ATI Enterprises, Inc.** | **Breach of Lease** | **D-202-CV-2013-01458 - Bernalillo County, New Mexico** | |
| **Northcreek Financial Associates, LLC v. E & K Vocational Nursing Program, Inc. d/b/a Dallas Nursing Institute and ATI Enterprises, Inc.** | **Breach of Lease** | **DC-13-00535 - District Court of Dallas** | **Judgment Entered, Standstill Agreement** |
| **Core Digital Media d/b/a Classes USA v. ATI Enterprises, Inc. d/b/a ATI Career Training Center** | **Default Judgment** | **DC-13-09390 - Dallas District Court** | **Default Judgment Issued** |
| **WT Cox Subscriptions, Inc. v. ATI Enterprises, Inc.** | **Breach of Contract** | **2013-002684-3 - County Court, Tarrant County, Texas** | **Judgment Entered** |
| **CUnet Inquiry Generation, LLC v. ATI Enterprises, Inc.** | **Breach of Contract** | **D02CL130000223 - Lancaster County Nebraska** | **Pending** |
| **Leads360 v. ATI Enterprises, Inc., et al.** | **Breach of Contract** | | **Default Judgment Entered on 03/13/2013** |
| **Xerox Corporation v. ATI Enterprises, Inc.** | **Failure to Pay** | **3:13-CV04239-L - United States District Court for the Northern District of Texas, Dallas Division** | **Pending** |
| **United States ex rel. Aldridge, et al. v. ATI Enterprises 3:09-CV-1313-G** | **Qui Tam Action** | **United States District Court for the Northern District of Texas** | **Settled** |
| **United States ex rel. Ramierez-Damon v. ATI Enterprises, Inc. 11-61682-CIV** | **Qui Tam Action** | **United States District Court for the Southern District of Florida** | **Settled** |
| **A&M Welding & Industrial Supply, LLC v. ATI Enterprises, Inc.** | **Civil Case** | **DC-11-05756; Subsequent Garnishment Case DC-13-0864 - The District Court of Dallas County, Texas, 116th District Court** | **Default; Received Final Judgment on 05/20/2013** |
| **Allen, et al. v. ATI Enterprises, Inc.** | | | |
| **Andre Thompson v. ATI Enterprises, Inc.** | **Employee Claim** | **3:12-CV-01508 - United States District Court, Northern District of Texas** | **Judgment Entered** |
| **ATI Enterprises, Inc. v. John A. Parks Company** | **Unlawful Retention of Funds** | **Arbitration** | **Foreclosed on by Lenders** |
| **Bartlett v. ATI Enterprises, Inc.** | | | |
| **Calhoun v. ATI Enterprises, Inc.** | | | |
| **Bonface Nyaribo v. E & K Vocational Nursing Program, Inc. and ATI Enterprises, Inc.** | **Tuition Dispute** | **13-01133 - Dallas District Court** | **Motion to Compel Arbitration** |
| **Shabaz Din v. ATI Enterprises, Inc.** | **Wrongful Failure to Promote Employee** | **DC-09-07508 - 68th District Court, Dallas County** | **On Remand After Appeal** |
| **Entravision Communications v. ATI Enterprises, Inc.** | | | **Default Judgment** |

B7 (Official Form 7) (04/13)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Lugra, Inc. v. ATI Enterprises, Inc. | Non-Payment for Services | SC13-015JM - Justice Court, Hidalgo County, Texas | Default Judgment |
| Harper v. ATI Enterprises, Inc. | | | |
| Kalee Terry v. Michael Louis Lett, et al., Including ATI Enterprises, Inc. | | | |
| Maria Rosario, et al. v. ATI Enterprises of Florida, Inc. d/b/a College of Health, ATI Enterprises, Inc. and American Trades Institute of Florida, Inc. | Multiple Student Claims - Potential Class Action | 1:13-CV-20832-DLG - United States District Court, Southern District of Florida, Miami Division | Pending |
| Nelson v. ATI Enterprises, Inc. | Students Alleging Breach of Contract and Deceptive Trade Practices | DC-10-01479 - 162nd District Court, Dallas County | Settled Pending Final Disposition |
| Northcreek Business Partners LLC, et al. v. ATI Enterprises, Inc. | Failure to Pay Rent | DC-13-00535 - 14th District Court, Dallas County, Texas | Default Judgment Pending |
| Northcreek Financial Associates v. E&K Vocational Nursing Program, Inc. d/b/a Dallas Nursing Institute and ATI Enterprises, Inc. | Failure to Pay Rent | | Default Judgment Pending |
| Samuels v. ATI Enterprises, Inc. | Wrongful Termination | CC-12-01964-B - County Court at Law No. 2 | Pending |
| Sonja Cook and Tiffany Evinger v. ATI Enterprises, Inc. and ATI Acquisition | WARN Litigation | 4:12-CV-904-Y - United States District Court, Northern District, Fort Worth Division | Pending |
| Ten Fifteen Jackson Keller Partners v. ATI Enterprises, Inc. | | | |
| Tuition Options, LLC v. ATI Enterprises, Inc. | | | |
| Turner v. ATI Enterprises, Inc. | | | |
| VTA Oklahoma City, LLC v. ATI Enterprises, Inc. | Lease Termination and Payment of Sum | | |
| Weekes v. ATI Training Center | | | |
| A&M Welding v. ATI Enterprises, Inc. | Non-Payment for Goods | DC-11-05756 - Dallas District Court | Outstanding Judgment |
| Arizona Sign Language v. ATI Enterprises | Breach of Contract | CV2013-012067 - Superior Court of Maricopa County | Default Judgment Pending |
| FSCP Dallas Portfolio, LP v. ATI Enterprises, Inc. | Failure to Pay Rent | 13-04624 - Dallas District Court | Default Judgment |
| City of Garland v. ATI Enterprises, Inc. | Non-Payment of Property Taxes | 13-40441 - 193rd District Court, Dallas County | Pending |
| Harris County, et al. v. ATI Enterprises, Inc. | Non-Payment of Property Taxes | 2013-37521 - District Court, Harris County, Texas | Pending |
| Scott E. Kasden, M.D. v. ATI Enterprises, Inc. | Breach of Contract | 096-268695 - District Court, Tarranty County, Texas | Settled |
| Barrington Harlingen v. ATI Enterprises, Inc. | Default Judgment | CL-13-1383-D - District Court, Hidalgo County, Texas | |
| Lewisville Independent School District v. ATI Enterprises, Inc. | Non-Payment of Property Taxes | J13-262J3 - Justice Court, Denton County, Texas | Withdrawn Without Prejudice |

B7 (Official Form 7) (04/13)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Manny-Nasser Inc. v. ATI Enterprises, Inc. | | 13-01326 - Dallas District Court | Judgment Rendered |
| Richardson Independent School District v. ATI Enterprises, Inc. | Non-Payment of Property Taxes | 13-40443 - 162nd District Court, Dallas County | Citation Issued; Pending |
| RBY #2 Property Management v. ATI Enterprises, Inc. | Appointment of Receiver | CL-12-4345-D - County Court, Hidalgo County, Texas | Pending |
| U.S. Security Assoc. Inc. v. ATI Enterprises, Inc. | Non-Payment for Services | 2013CCV-61273-1 - Nuecis County, Texas | Default Judgment |
| Valley Mills Waco LP v. ATI Enterprises, Inc. | Failure to Pay Rent | 2013-CI-10292 - District Court, Bexar County, Texas | Post-Judgment Deposition Request |
| Waco Independent School District v. ATI Enterprises, Inc. | Non-Payment of Taxes | 2013-3074-5 - 414th Judicial District Court, McLennan County | Pending |
| Weingarten Realty Investors v. ATI Enterprises, Inc. | Non-Payment of Rent | 2012-58785 - District County, Harris County, Texas | Default Judgment and Garnishment |
| Xerox v. ATI Enterprises, Inc. | Breach of Contract | 3:13-CV-04239-L - United States District Court, Northern District of Texas, Dallas Division | Pending |
| NAPA Genuine Parts Company v. ATI Enterprises, Inc. and ATI Enterprises of Florida, Inc. | Non-Payment for Goods/Services | 2013-005398-3 - County Court, Tarrant County, Texas | Pending |
| RRV Klein Church, Ltd. v. ATI Enterprises, Inc. | Failure to Pay Rent | 2013-DCL-06520-1 - District Court of Cameron County, Texas | Pending |
| United States, es rel Dulce M. Ramierez-Damon, et al. v. ATI Enterprises, Inc. | | United States District Court | Pending |

None ☐   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | May 2013 | Weingarten Realty Investors v. ATI Enterprises, Inc.; Garnished Bank Accounts; $97,120.68 |

B7 (Official Form 7) (04/13)

---

### 5. Repossessions, foreclosures and returns

None 

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Royal Bank of Canada, as Collateral Agent OBO Certain Lenders 4th Floor, 20 King Street West Toronto, Ontario M5H 1C4** | 05/30/2013 | **Substantially all of the assets and claims of Ability Intermediate Holdings, Inc., ATI Acquisition Company, ATI Enterprises, Inc., ATI Enterprises of Florida, Inc. and E&K Vocational Nursing Program, Inc. and the right to designate the transfer of some or all of the Acquired Assets** |
| **STVT-AAI Education Inc. 8701 Bedford-Euless Road #400 Hurst, TX 76053** | | **Foreclosure Done in a Series of Asset Transfers; $5,000.00** |
| **STVT-AAI Education Inc. 8701 Bedford-Euless Road #400 Hurst, TX 76053** | | **Foreclosure Done in a Series of Asset Transfers; $40,000.00** |

---

### 6. Assignments and receiverships

None 

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

### 7. Gifts

None ☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

B7 (Official Form 7) (04/13)

---

**8. Losses**

None 

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Cousins Chipman & Brown, LLP 1007 North Orange Street Suite 1110 Wilmington, DE 19801** | **10/22/2013; ATI Acquisition Company** | **$120,000.00** |
| **CDG Group, LLC 645 Fifth Avenue New York, NY 10022** | **04/09/2013; ATI Enterprises, Inc.** | **$156,203.11** |
| **CDG Group, LLC 645 Fifth Avenue New York, NY 10022** | **07/29/2013; ATI Enterprises, Inc.** | **$125,000.00** |
| **CDG Group, LLC 645 Fifth Avenue New York, NY 10022** | **08/09/2013; ATI Acquisition Company** | **$125,000.00** |
| **CDG Group, LLC 645 Fifth Avenue New York, NY 10022** | **10/22/2013; ATI Acquisition Company** | **$50,000.00** |

---

**10. Other transfers**

None 

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

B7 (Official Form 7) (04/13)

**11. Closed financial accounts**

None 

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 0060; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center-MT); Account No. 0078; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 0086; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 0094; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 0102; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 4756; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 4764; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 4772; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 4780; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 4798; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 4806; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 4814; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (ATI Career Training Center); Account No. 4822; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (South Texas Vocational Institute); Account No. 4830; Final Balance: $0.00 | 10/01/2013; $0.00 |
| JPMorgan Chase Bank, N.A. P.O. Box 6076 Newark, DE 19714-6076 | ZBA to Texas Operating Account (South Texas Vocational Institute); Account No. 4848; Final Balance: $0.00 | 10/01/2013; $0.00 |

B7 (Official Form 7) (04/13)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **ZBA to Texas Operating Account (South Texas Vocational Institute); Account No. 5357; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **ZBA to Texas Operating Account (South Texas Vocational Institute); Account No. 5365; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **ZBA to Texas Operating Account (South Texas Vocational Institute); Account No. 5373; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **ZBA to Texas Operating Account (South Texas Vocational Institute); Account No. 5381; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **ZBA to Texas Operating Account (South Texas Vocational Institute); Account No. 5399; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **ZBA to Texas Operating Account (DNI); Account No. 4830; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **Texas ALT Loan; Account No. 5415; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **EDPMS #10/15/17; Account No. 5423; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **EDPMS #30/33/35/37/38; Account No. 5431; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **EDPMS #50/55/57; Account No. 5357; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **EDPMS #60/65/67; Account No. 5993; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **EDPMS #80; Account No. 6017; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **Direct Loan #80; Account No. 6025; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **Direct Loan #10/15/17; Account No. 6033; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **Direct Loan #30/33/35/37/38; Account No. 6041; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **Direct Loan #50/55/57; Account No. 6058; Final Balance: $0.00** | 10/01/2013; $0.00 |
| **JPMorgan Chase Bank, N.A.** P.O. Box 6076 Newark, DE 19714-6076 | **Direct Loan #60/65/67; Account No. 6066; Final Balance: $0.00** | 10/01/2013; $0.00 |

B7 (Official Form 7) (04/13)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Bank of America**<br>**135 South LaSalle Street**<br>**Chicago, IL 60603** | **CD; Final Balance: $0.00** | **2013; $210,000.00** |
| **Royal Bank of Canada**<br>**New York Branch**<br>**One Liberty Plaza**<br>**4th Floor**<br>**New York, NY 10006-1404** | **Account No. 277-209-3** | **01/07/2014** |

---

**12. Safe deposit boxes**


None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**


None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14. Property held for another person**

None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15. Prior address of debtor**

None

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **6331 Boulevard 26, Suite 275**<br>**North Richland Hills, TX 76180** | **ATI Enterprises, Inc. d/b/a ATI Career Training Center** | **12/19/2010 to 12/31/2012** |
| **8701 Bedford-Euless Road, Suite 400**<br>**Hurst, TX 76053** | **ATI Enterprises, Inc. d/b/a ATI Career Training Center** | **01/01/2013 to 08/11/2013** |
| **c/o STVT-AAI Education, Inc.[1]**<br>**8701 Bedford-Euless Road, Suite 400**<br>**Hurst, TX 76053** | **ATI Enterprises, Inc. d/b/a ATI Career Training Center** | **08/12/2013 to Petition Date** |
| **c/o CDG Group, LLC**<br>**645 Fifth Avenue**<br>**New York, NY 10022** | **ATI Enterprises, Inc. d/b/a ATI Career Training Center** | **Petition Date to Present** |

---

**[1]Pursuant to the Transition Services Agreement described in the Global Notes.**

B7 (Official Form 7) (04/13)

---

**16. Spouses and Former Spouses**

None 

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None 

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

B7 (Official Form 7) (04/13)

| NAME<br>**E&K Vocational**<br>**Nursing Program,**<br>**Inc. (d/b/a Dallas**<br>**Nursing Institute)** | LAST FOUR DIGITS OF<br>SOCIAL-SECURITY OR<br>OTHER INDIVIDUAL<br>TAXPAYER-I.D. NO.<br>(ITIN)/ COMPLETE EIN<br>**75-2390690** | ADDRESS | NATURE OF BUSINESS<br>**Vocational School** | BEGINNING AND<br>ENDING DATES<br>**05/02/2010 to**<br>**12/06/2013** |
|---|---|---|---|---|

None
☒    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                          ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Lamphung Ngo-Burns, CFO**<br>**6331 Boulevard 26**<br>**Suite 275**<br>**North Richland Hills, TX 76180** | **03/01/2011 to 07/31/2012** |
| **Sam Lin, Controller**<br>**6331 Boulevard 26**<br>**Suite 275**<br>**North Richland Hills, TX 76180** | **02/28/2012 to 12/31/2012** |
| **Sam Lin, Controller**<br>**8701 Bedford-Euless Road**<br>**Suite 400**<br>**Hurst, TX 76053** | **01/01/2013 to 05/08/2013** |
| **Kathleen Oher, Vice President, Finance**<br>**6331 Boulevard 26**<br>**Suite 400**<br>**Hurst, TX 76053** | **08/14/2012 to 12/31/2012** |
| **Kathleen Oher, Vice President, Finance**<br>**8701 Bedford-Euless**<br>**Suite 400**<br>**Hurst, TX 76053** | **01/01/2013 to 03/01/2013** |
| **Lynda Skinner, Directory, Treasury**<br>**6331 Boulevard 26**<br>**Suite 275**<br>**North Richland Hills, TX 76180** | **12/19/2011 to 12/31/2012** |
| **Lynda Skinner, Directory, Treasury**<br>**6331 Boulevard 26**<br>**Suite 275**<br>**North Richland Hills, TX 76180** | **01/01/2013 to 08/11/2013** |

B7 (Official Form 7) (04/13)

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Debra Foster, A/P Manager**<br>**6331 Boulevard 26**<br>**Suite 275**<br>**North Richland Hills, TX 76180** | **12/19/2011 to 12/31/2012** |
| **Debra Foster, A/P Manager**<br>**8701 Bedford-Euless Road**<br>**Suite 400**<br>**Hurst, TX 76053** | **01/01/2013 to 08/11/2013** |
| **Sean Kerrigan, CFO**<br>**8701 Bedford-Euless Road**<br>**Suite 400**<br>**Hurst, TX 76053** | **02/04/2013 to 08/11/2013** |
| **Elva Rutlidge, Staff Accountant**<br>**8701 Bedford-Euless Road**<br>**Suite 400**<br>**Hurst, TX 76053** | **03/04/2013 to 06/15/2013** |
| **Angela Emert, Assistant Controller**<br>**8701 Bedford-Euless Road**<br>**Suite 400**<br>**Hurst, TX 76053** | **06/03/2013 to 08/11/2013** |
| **William McManus, Interim CFO**<br>**6331 Boulevard 26**<br>**Suite 275**<br>**North Richland Hills, TX 76180** | **08/01/2012 to 02/03/2013** |
| **Cheri Kinder, Vice President-Corp. Cont.**<br>**6331 Boulevard 26**<br>**Suite 275**<br>**North Richland Hills, TX 76180** | **12/19/2011 to 04/30/2012** |
| **Lydia Cacdac, Senior Accountant**<br>**6331 Boulevard 26**<br>**Suite 275**<br>**North Richland Hills, TX 76180** | **12/19/2011 to 07/20/2012** |
| **April Browning, Manager - Accounting**<br>**6331 Boulevard 26**<br>**Suite 275**<br>**North Richland Hills, TX 76180** | **12/19/2011 to 07/27/2012** |

None    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books
☐     of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **Almich & Associates** | **26463 Rancho Parkway South**<br>**Lake Forest, CA 92630** | **2010 to 2013** |
| **Fogle & Associates, LLC** | **200 Swinderman Road**<br>**Wexford, PA 15090** | **2012 to 2014** |

None    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records
☐     of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Sean Kerrigan, CFO** | **STVT-AAI Education, Inc.[2]**<br>**8701 Bedford-Euless Road**<br>**Suite 400**<br>**Hurst, TX 76053** |

**[2]Pursuant to the Transition Services Agreement described in the Global Notes.**

B7 (Official Form 7) (04/13)

| NAME | ADDRESS |
|---|---|
| **Joseph Filar, Controller** | **STVT-AAI Education, Inc.[3]** <br> **8701 Bedford-Euless Road** <br> **Suite 400** <br> **Hurst, TX 76053** |
| **Lynda Skinner, Director, Treasury** | **STVT-AAI Education, Inc.[4]** <br> **8701 Bedford-Euless Road** <br> **Suite 400** <br> **North Richland Hills, TX 76180** |
| **Debra Foster, A/P Manager** | **STVT-AAI Education, Inc.[5]** <br> **8701 Bedford-Euless Road** <br> **Suite 400** <br> **Hurst, TX 76053** |

None ☐  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **ED, Texas Work Force Commission (TWC)** | **2011 to 2013** |
| **Accrediting Bureau of Health Education Schools (ABHES)** | **2011 to 2013** |
| **Council on Occupational Education (COE)** | **2011 to 2013** |
| **Accreditation Commission of Career Schools and Colleges (ACCSC)** | **2011 to 2013** |
| **Periodic financial information was also reported to ED, U.S. Department of Justice, RBC, ACCSC, TWC, ABHES, COE, CIE, TBON, ASBPPE, and NMHED** | **2012 to 2013** |

---

**20. Inventories**

None ☒  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY <br> (Specify cost, market or other basis) |
|---|---|---|

None ☒  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☒  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

---

[3]**Pursuant to the Transition Services Agreement described in the Global Notes.**
[4]**Pursuant to the Transition Services Agreement described in the Global Notes.**
[5]**Pursuant to the Transition Services Agreement described in the Global Notes.**

B7 (Official Form 7) (04/13)

None  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **ATI Acquisition Company**<br>**c/o CDG Group, LLC**<br>**645 Fifth Avenue**<br>**New York, NY 10022** | **Parent Company** | **100%** |
| **Michael F. Gries**<br>**c/o CDG Group, LLC**<br>**645 Fifth Avenue**<br>**New York, NY 10022** | **Interim Chief Executive Officer,**<br>**Director & President** | **0%** |

**22 . Former partners, officers, directors and shareholders**

None ☒  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Sean Kerrigan**<br>**8701 Bedford-Euless Road**<br>**Suite 400**<br>**Hurst, TX 76053** | **Chief Financial Officer** | **08/12/2013** |
| **Michael Zawisky**<br>**8701 Bedford-Euless Road**<br>**Suite 400**<br>**Hurst, TX 76053** | **Chief Operating Officer** | **08/12/2013** |
| **William McManus**<br>**c/o CDG Group, LLC**<br>**645 Fifth Avenue**<br>**New York, NY 10022** | **Interim Chief Financial Officer** | **02/03/2013** |

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☒  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ☐  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **Ability Holdings, Inc.** | **27-1231799** |

B7 (Official Form 7) (04/13)

**25. Pension Funds.**

None    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
☐    employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **ATI Enterprises, Inc. 401(k)** | **75-2060087** |

\* \* \* \* \* \*

B7 (Official Form 7) (04/13)

1'

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____1-21-2014_____          Signature _____

Michael F. Gries
Interim Chief Executive Officer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*