IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| ATI ENTERPRISES, INC., *et al.*,[1] ) | |
| ) | Case No. 14-10106 (LSS) |
| Debtors. ) | |
| ) | (Jointly Administered) |

Objection Deadline: October 5, 2020 at 4:00 p.m.
Hearing Date: October 15, 2020 at 10:30 a.m.

**TRUSTEE'S MOTION TO RECLASSIFY**
**ROYAL BANK OF CANADA'S PROOF OF CLAIM NUMBER 36**

Jeoffrey L. Burtch, Chapter 7 trustee ("Trustee") for the bankruptcy estates (the "Estates") of ATI Enterprises, Inc., *et al*. (the "Debtors" or "ATI"), thorough his undersigned counsel, moves for an entry of an Order to reclassify Royal Bank of Canada's ("RBC" and/or the "Claimant") proof of claim number 36 pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), (the "Motion").

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are sections 501, 502, 503 and 552 of the Bankruptcy Code, and Rule 3007 of the Bankruptcy Rules.

---

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are: Ability Intermediate Holdings, Inc. (14-10104), ATI Acquisition Company (14-10105), ATI Enterprises, Inc. (14-10106), ATI Enterprises of Florida, Inc. (14-10107), and E&K Vocational Nursing Program, Inc. (14-10108).

## Background

3. On January 21, 2014, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

4. Jeoffrey L. Burtch was appointed as interim trustee on or about January 23, 2014, pursuant to Section 701 of the Bankruptcy Code. Thereafter, the meeting of creditors pursuant to 11 U.S.C. § 341 was held and concluded on February 19, 2014, and Mr. Burtch serves as the trustee (hereinafter, "Trustee") for these cases pursuant to 11 U.S.C. § 702(d).

## Applicable Law

5. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) A claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under Chapter 7 of this title, objects.

11 U.S.C. § 502(a).

6. Section 502(b)(1) disallows any claim that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."

7. Section 552(a) of the Bankruptcy Code provides, in pertinent part, as follows:

> "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case."

11 U.S.C. § 552(a).

8. Rule 3007(a) of the Bankruptcy Rules provides:

> (a) An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007(a).

## Relief Requested

9.      The Trustee's Motion seeks to reclassify RBC's Claim No. 36 from secured to general unsecured non-priority.  RBC's Claim is not secured as to the funds that are available for distribution in these cases.   By this Motion, the Trustee moves for entry of the Proposed Order granting the relief requested herein for RBC's Claim No. 36

## Proof of Claim No. 36 Filed by Royal Bank of Canada

10.     On May 23, 2014, RBC, in its capacities as Administrative Agent, Collateral Agent , and lender under that certain Credit and Guaranty Agreement dated December 30, 2009, after an agreed Stipulation and Order with the Trustee [D.I. 36]  filed a consolidated proof of claim in the cases (claim register claim no. 36, a copy of which is attached as Exhibit A).

11.     Claim No. 36 asserts that RBD is owed $334,354,574.45 as a secured claim, based upon its capacities as Administrative Agent, Collateral Agent (RBC in both such capacities, the "Agent"), and lender under that certain *Credit and Guaranty Agreement* dated December 30, 2009, by and among ATI Acquisition Company ("ATI"), as Borrower;[2] Ability Intermediate Holdings, Inc.; certain subsidiaries of ATI, as Guarantors; the lenders party thereto (each a "Lender"); Goldman Sachs Credit Partners L.P. and RBC Capital Markets, as Joint Lead Arrangers and Joint Bookrunners; Goldman Sachs Credit Partners L.P., as Syndication Agent and Documentation Agent; and RBC, as Agent (as amended, supplemented, or otherwise modified from time to time, the "Credit Agreement"; the Credit Agreement

12.     RBC has alleged a first priority, security interest in and lien upon substantially all

---

[2] On December 30, 2009, the Initial Borrower under the Credit Agreement was Ability Acquisition, Inc., which was to be merged with and into ATI Holding Company, which itself was to be merged with and into ATI Acquisition Company.  By virtue of those mergers, ATI Acquisition Company is now the Borrower under the Credit Agreement.

3

of the Debtors' assets.

## Basis for Relief

13. The Trustee objects to RBC's Claim No. 36 and seeks to reclassify the claim from secured to general unsecured non-priority as to the funds available for distribution.

14. The majority of the funding for any distribution to unsecured creditors in these cases are from the recovery of claims in the Texas Lawsuits (as defined below). A small percentage of available funds were funds deposited by the Trustee that represented unscheduled miscellaneous receipts from various bank accounts and unused retainers turned over to the Trustee that represent bank accounts that RBC had not perfected its security interest in.

15. Prior to the Petition Date, ATI was sued in multiple lawsuits, including Qui Tam lawsuits filed in Texas and in Florida and a lawsuit filed in Texas stemming primarily from negligence and misrepresentations regarding (a) recruiting and advertising (b) students' ability to be employed following graduation (c) class crowding and insufficient equipment and (d) the ability to transfer credits to other institutes of higher learning (the "Education Lawsuits"). In relation to defending these lawsuits, ATI paid millions to outside law firms and in satisfying various judgments, arbitration awards and settlements. Also prior to the Petition Date, ATI obtained certain insurance policies intended to cover the types of claims made in the Education Lawsuits.

16. On or about May 18, 2015, the Trustee engaged litigation counsel to evaluate any recoverable assets connected to the Education Lawsuits or related to the Debtors' operations, including, without limitation, any claims or causes of action against the Debtors' officers, directors and professionals and, if deemed necessary and prudent, file suit to recover upon any such claims discovered.

17. On or about January 20, 2016, the Trustee commenced two lawsuits on behalf of all Debtors in Dallas County, Texas (collectively "Texas Lawsuits").

18. The first action was brought on behalf of all Debtors against Williams and Connolly, LLP, Duane Morris, LP and a former officer of ATI, Carli Strength, alleged, among other things, breach of fiduciary duties and billing for and collecting attorneys' fees and expenses which were grossly excessive, unnecessary and/or frivolous (the "Overbilling Lawsuit"). During the course of the lawsuit, the Trustee non-suited his claims against Duane Morris and Carli Strength.

19. The second action brought on behalf of all Debtors alleged claims against insurers Ace American Insurance Company, The Cincinnati Insurance Company, and Landmark American Insurance Company (collectively, the "Insurance Companies") including for breach of the duty to defend and/or indemnify the Debtors in connection with the Education Lawsuits, and against insurance brokers Bigham-Kliewer, Incorporated, Bigham-Kliewer Insurance Agency, Incorporated, CAA Insurance Services, LLC and Combined Agents of America, L.L.C. (collectively, the "Brokers") based upon a failure to tender claims to the insurers in a timely manner (the "Coverage Lawsuit").

20. By Orders dated June 20, 2017 and March 19, 2018, this Court approved the settlement agreements with regards to the various defendants in the Coverage Lawsuits in the amount of $6,185,000 payable to the Trustee (the "Coverage Settlement") [D.I. 86-88; 118].[3]

21. By Order dated January 2, 2018, this Court approved the settlement agreement in regards to the Overbilling Lawsuit in the amount of $900,000 payable to the Trustee (the

---

[3] Per separate order of this Court, $800,000.00 of the Coverage Settlement proceeds related to Landmark American Insurance Company were deposited with the Clerk of Court to deal with claims asserted against the Landmark proceeds by the Chapter 7 Trustee of the Estate of English & Associates P.L.L.C. (the "English Trustee"). (D.I. 77) Thereafter, those funds were disbursed to the English Trustee and others per order entered at D.I. 104.

"Overbilling Settlement Agreement") [D.I. 113]. The Coverage Settlement and the Overbilling Settlement Agreement represent the funds that are available for distribution to creditors (the "Settlement Funds").

## **Argument**

**Pursuant to 11 U.S.C. § 552(a), The Settlement Monies, As Post-petition After Acquired Property, Are Not Subject to RBC's Lien.**

22. The Settlement Monies resulted from the Trustee's settlement of post-petition litigation. Accordingly, pursuant to 11 U.S.C. § 552(a), RBC's secured claim does not attach to the after acquired Settlement Funds.

23. "The general rule under the Bankruptcy Code is that "property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." 11 U.S.C. § 552(a)." *See In re Milton Abeles, LLC*, 2013 WL 5304014 *3 (Bankr.E.D.N.Y.) (Slip Copy, September 20, 2013).[4]

24. However, Section 552(b)(1) provides an exception to Section 552(a) and states:

> Except as provided in sections 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, products, offspring, or profits of such property, then such security interest extends to such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that

---

[4] *See also Barber, et al. v. McCord Auto Supply, Inc. (In re Pearson Industries, Inc.)*, 178 B.R. 753 (Bankr. C.D.Ill, 1995). "Therefore, the trustee's right to set aside a fraudulent transfer can not be considered proceeds under § 9–306(a).] As a result, § 552(b) does not extend [the creditor's] security interest to the right to set aside and recover property based on the trustee's avoiding powers." *Id.* at 763. "As previously stated, the purpose of 11 U.S.C. § 552(a) is to avoid the postpetition application of an otherwise valid after-acquired property clause in a security agreement. The statute allows the estate to acquire new property with estate assets free of the security interest." *Id.* at 764.

      the court, after notice and a hearing and based on the equities of the case, orders otherwise.

11 U.S.C. § 552(b)(1).

    25.    RBC does not have a prepetition, perfected security interest in the Estates' post-petition acquired property of the Settlement Funds. Therefore, RBC has a general unsecured non-priority claim in these chapter 7 cases.

    WHEREFORE, the Trustee respectfully requests that the Court enter an Order granting the relief requested herein and granting other and further relief as the Court deems to be just and proper in the circumstances.

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ M. Claire McCudden*
M. Claire McCudden, (DSB# 5036)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
cmccudden@skaufmanlaw.com

Dated: September 21, 2020

Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee